**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| JAMES M. DINEEN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Docket No. 2:10-cv-125-GZS ) |
| CITY OF BOSTON, MASSACHUSETTS SCHOOL DEPARTMENT | ) ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (Docket # 11) and supporting Memoranda of Law, to which Plaintiff, proceeding pro se, has failed to respond. As explained herein, the Court GRANTS Defendant's Motion.

On April 5, 2010, Plaintiff James M. Dineen, a resident of Maine, filed suit against the City of Boston School Department ("Defendant")[1] alleging negligence and seeking to recover damages resulting from a bus accident that occurred on April 5, 2007 on Interstate 93 in Boston, Massachusetts. (See Compl. (Docket #1) ¶¶ 1-3.) Defendant is a duly authorized agency of the City of Boston and has a principal office at One City Hall Plaza, Boston. Plaintiff asserts jurisdiction based on diversity and an amount in controversy "exceed[ing] Ten Thousand ($10,000.00) Dollars." (Id. ¶ 4.)

Pursuant to Rules 12(b)(1) & (2) of the Federal Rules of Civil Procedure, Defendant has moved to dismiss Plaintiff's Complaint in its entirety for lack of both subject-matter jurisdiction and personal jurisdiction. With respect to jurisdictional challenges, it is Plaintiff's burden to demonstrate an adequate basis for the Court to assume jurisdiction over both the claims at issue and the defendant in question. See, e.g., United States ex rel. Ondis v. City of Woonsocket, 587 F.3d 49, 54 (1st Cir. 2009) (subject-matter jurisdiction); Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (personal jurisdiction).

While there may be diversity of citizenship between the parties, Plaintiff has neither raised a federal question in his complaint nor asserted an amount in controversy exceeding $75,000.00

---

[1] Although Plaintiff names the Massachusetts School Department, it appears that the proper party is the City of Boston.

necessary to establish subject matter jurisdiction in federal court. 28 U.S.C. §§ 1331-1332; see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself[.]"); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 138-39 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Additionally, by invoking Rule 12(b)(2), Defendant asserts that this Court lacks "the power to require [the Defendant] to obey its decrees." Hannon, 524 F.3d at 279 (citation omitted). When it comes to exercising personal jurisdiction over an out-of-state defendant, that defendant must have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (internal alterations and punctuation omitted). Here, the only set of facts Plaintiff alleges is a motor vehicle accident that occurred with a City of Boston-owned vehicle within the City of Boston in the Commonwealth of Massachusetts.[2] Plaintiff fails to allege any general contacts demonstrating "continuous and systematic" activity within the forum ("general jurisdiction") or a more specific set of in-forum contacts ("specific jurisdiction") that could give rise to his claim. See, e.g., Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). In short, Plaintiff's Complaint provides no basis upon which this Court could exercise personal jurisdiction over the City of Boston, a non-resident defendant, on a negligence claim arising out of an accident in Massachusetts.

Thus, for the reasons explained herein, the Court hereby GRANTS Defendant's Motion to Dismiss (Docket # 11) and DISMISSES Plaintiff's Complaint.

SO ORDERED.

                                              /s/ George Z. Singal
                                              United States District Judge

Dated this 30th day of November, 2010.

---

[2] When considering any motion under Rule 12(b), the Court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences in the plaintiff's favor. However, in determining the existence of jurisdiction, the Court is not confined to the pleadings and may consider other reliable materials in the record to the extent those materials "illuminate[], supplement[], or even contradict[] other materials in the . . . record." Aguilar v. U.S. Immigration & Customs Enforcement Div. of Dep't of Homeland Sec., 510 F.3d 1, 8 (1st Cir. 2007).